**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNDER ARMOUR, INC.** | * | |
| **101 PERFORMANCE DRIVE** | | |
| **BALTIMORE, MARYLAND 21230,** | * | **CASE NO.:** _____ |
| | | |
| **PLAINTIFF,** | * | |
| | | |
| **V.** | * | |
| | | |
| **SLATE RIVER SYSTEMS, INC.** | * | |
| **1304 NORWOOD DRIVE** | | |
| **BEDFORD, TEXAS 76022,** | * | |
| | | |
| **AND** | * | |
| | | |
| **BENJAMIN YORK** | * | |
| **POST OFFICE BOX 2954** | | |
| **CRESTED BUTTE, COLORADO 81224** | * | |
| | | |
| **ALTERNATE ADDRESS:** | * | |
|    **607 SECOND STREET, UNIT B** | | |
|    **CRESTED BUTTE, COLORADO 81224** | * | |
| | | |
| **DEFENDANTS.** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**COMPLAINT FOR DAMAGES**

Plaintiff Under Amour, Inc. ("UA"), by its undersigned counsel and pursuant to FED. R. CIV. P. 3 hereby sues Slate River Systems, Inc. ("SRSI") and Benjamin York (the "Owner," and with SRSI, "Defendants") for, *inter alia*, breach of contract and violations of Maryland's Construction Trust Fund Statute. For its Complaint against Defendants, UA states as follows.

**PARTIES**

1.      UA is a corporation formed and organized under Maryland law, with its principal place of business at the address set forth in the caption.

2.    SRSI is a corporation formed and organized under Delaware law, with its principal place of business at the address set forth in the caption.

3.    The Owner is an adult resident of Gunnison County, Colorado, who lives at the address set forth in the caption.

JURISDICTION AND VENUE

4.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332, because the amount in controversy exceeds $75,000, and the controversy is between citizens of different states, as that phrase is used in 28 U.S.C. §1332(a)(1).

5.    UA is formed and organized under Maryland law, with its principal place of business in Maryland.

6.    Accordingly, UA is a citizen of Maryland, and only Maryland, for purposes of diversity jurisdiction.

7.    SRSI is formed and organized under Delaware law, with its principal place of business in Texas.

8.    Accordingly, SRSI is a citizen of Delaware and Texas for purposes of diversity jurisdiction.

9.    The Owner is a resident of Colorado, and only Colorado, for purposes of diversity jurisdiction.

10.    Accordingly, Plaintiff is diverse from all defendants, and this Court has jurisdiction over the subject matter of this action.

11.    This Court has jurisdiction over the person of SRSI because, *inter alia*, SRSI conducts business in Maryland and consented to the exercise of jurisdiction over it by this Court.

12.     This Court has jurisdiction over the person of the Owner because he, directly or through an agent, transacted business in Maryland, contracted to supply services in Maryland, and caused tortious injury in Maryland by an act or omission in Maryland.

13.     This Court also has jurisdiction over the person of the Owner because he is the trustee of a Maryland statutory trust.

14.     Venue is proper in this district pursuant to, *inter alia*, 28 U.S.C. §1391(b)(2) because a substantial part of the acts giving rise to the claim occurred in this district and because SRSI consented to venue in this district.

FACTS COMMON TO ALL COUNTS

15.     On or about November 26, 2024, UA hired SRSI to perform work for, and deliver materials to, UA in connection with UA's rack installation and relocation projects at its Omni Distribution House, located in Baltimore, Maryland (the "ODH Project"), and its Nashville Distribution House, located in Mt. Juliet, Tennessee (the "NDH Project" and with the ODH Project, collectively, the "Projects").

16.     UA and SRSI memorialized their agreement in, *inter alia*, an Equipment Purchase and Sale Agreement the "Main Agreement"), a copy of which is attached hereto as **Exhibit 1** and incorporated herein by this reference.

17.     The Main Agreement incorporated various other documents by reference.

18.     The Main Agreement and all the documents incorporated into it constitute the contract between UA and SRSI (the "Contract").

19.     At 11:15 a.m. on April 17, 2025, Lincoln Hill of SRSI e-mailed Christopher Duffy of UA to inform Mr. Duffy that "As of [ten minutes earlier], the principal owner has

terminated all employment at SRSI[, and] SRSI cannot continue the contract." A copy of Mr. Hill's e-mail is attached hereto as **Exhibit 2** and incorporated herein by this reference.

20.    In response, UA terminated the Contract for cause and reserved all rights thereunder. A copy of UA's termination letter to SRSI (the "Termination Letter") is attached hereto as **Exhibit 3** and incorporated herein by this reference.

21.    At the time of termination, UA had already paid SRSI $2,890,763.63.

22.    Nonetheless, SRSI had not completed all the work for which it had been paid.

23.    UA also discovered that multiple subcontractors that SRSI had used on the project had not been paid for work completed and installed.

24.    As a result of SRSI's failure to perform, UA had to, *inter alia*, hire other contractors to complete SRSI's work.

25.    Further UA will likely have to pay SRSI's subcontractors for work performed by those subcontractors for which SRSI failed to pay.

COUNT I – BREACH OF CONTRACT
(AGAINST SRSI)

26.    UA incorporates each of the allegations in paragraphs 1-26 of this Complaint into this paragraph, as if each such allegation was set forth in full in this paragraph.

27.    UA and SRSI were parties to a valid, legally binding contract, namely the Contract.

28.    UA materially performed all of its obligations under the Contract.

29.    SRSI materially breached the Contract by, *inter alia*, failing to provide the products and services ordered by UA.

30.    As a direct and proximate result of SRSI's material breaches of the Contract, UA has suffered and continues to suffer damages.

WHEREFORE, Plaintiff Under Armour, Inc., respectfully requests that this Court (A) enter judgment in its favor and against Defendant Slate River Systems, Inc., for (i) compensatory damages in an amount that exceeds $75,000, to be proven a trial, plus (ii) pre-judgment interest through the date of judgment, plus (iii) post-judgment interest at the statutory rate from the date of judgment until all amounts due under the judgment are paid in full, plus (iv) the reasonable fees and expenses of attorneys, experts, and other professionals incurred by UA in this action, plus (v) the costs of this action; and (B) grant it such other and further relief as the nature of its cause may require.

## COUNT II – UNJUST ENRICHMENT
### (AGAINST SRSI)

31.     In the alternative, if the Court finds that no binding contract exists between UA and SRSI, UA pleads as follows.

32.     UA incorporates each of the allegations in paragraphs 1-26 of this Complaint into this paragraph, as if each such allegation was set forth in full in this paragraph.

33.     UA conferred a valuable benefit on SRSI, namely the money that it paid to SRSI.

34.     SRSI was aware of, appreciated, and accepted the benefit conferred on it by UA.

35.     SRSI unjustly retains the benefit conferred on it by UA without payment of the value of that benefit.

WHEREFORE, Plaintiff Under Armour, Inc., respectfully requests that this Court (A) enter judgment in its favor and against Defendant Slate River Systems, Inc. for (i) compensatory damages in an amount that exceeds $75,000, to be proven a trial, plus (ii) post-judgment interest at the statutory rate from the date of judgment until all amounts due under the judgment are paid

6368205.1

in full, and (iii) the costs of this action; and (B) grant it such other and further relief as the nature of its cause may require.

COUNT III – VIOLATION OF MARYLAND TRUST FUND STATUTE
(MD. CODE ANN., REAL PROP. §9-201, ET SEQ.)
(AGAINST BENJAMIN YORK)

36.     UA incorporates each of the allegations in paragraphs 1-26 of this Complaint into this paragraph, as if each such allegation was set forth in full in this paragraph.

37.     UA entered into the Contract with SRSI.

38.     The Owner is an officer of SRSI and, upon information and belief, manages the day-to-day operations of SRSI.

39.     As such, the Owner had the duty to hold all money paid by UA in trust for the benefit of UA, and to use such money only for the benefit of UA.

40.     Upon information and belief, the Owner directed or allowed SRSI to use money paid by UA for SRSI's benefit, including (without limitation) to pay subcontractors other than those who worked on other projects for SRSI.

41.     Defendants' misappropriation of the payments from UA constituted a material breach of the Owner's and SRSI's statutory duties to UA.

42.     As a direct and proximate result of Defendants' material breach of their statutory duties to UA, UA has suffered substantial damages and incurred substantial expenses, including (without limitation) the payment of $2,890,763.63.

43.     UA is a "person damaged by the action" as that phrase is used in MD. CODE ANN., REAL PROP., §9-202.

WHEREFORE, Plaintiff Under Armour, Inc., respectfully requests that this Court (A) enter judgment in its favor and against Defendant Benjamin York for (i) compensatory damages

6368205.1

in an amount that exceeds $75,000, to be proven a trial, plus (ii) post-judgment interest at the statutory rate from the date of judgment until all amounts due under the judgment are paid in full, and (iii) the costs of this action; and (B) grant it such other and further relief as the nature of its cause may require.

/s/ Michael J. Lentz
Michael J. Lentz (Fed. Bar No. 26097)
Joseph M. Selba (Fed. Bar No. 29181)
TYDINGS & ROSENBERG LLP
One East Pratt Street, Suite 901
Baltimore, Maryland 21202
Phone: (410) 752-9708
Fax: (410) 727-5460
mlentz@tydings.com
jselba@tydings.com

6368205.1

7